# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-cr-20053-UU

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PERCY JONES,

    Defendant.
_____/

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss for Pre-Indictment Delay (D.E. 14) (the "Motion").

THE COURT has considered the Motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

By way of background, Defendant is charged in a one-count indictment with possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) for an offense that occurred on January 29, 2014. Mot. ¶ 1. The incident occurred in a restaurant, located at NW 7th Avenue and NW 64th Street, in Miami, Florida. D.E. 21 (the "Opposition") ¶ 3. On January 29, 2014, Defendant allegedly entered the restaurant, and began yelling and threatening the restaurant owner and patrons. *Id.* As he was leaving the restaurant, Defendant pulled out a gun, pointed it at patrons and the owner, and then fled. *Id.* Moments later, when Defendant was apprehended by law enforcement, he pulled a firearm from his waistband and threw it into nearby bushes. *Id.* ¶ 4. Law enforcement recovered the firearm. *Id.*

Still on January 29, 2014, a crime scene investigator took photographs of the scene and swabbed the firearm for DNA evidence. *Id.* The firearm was processed for latent fingerprints, but no latent prints were recovered. *Id.*

A local law enforcement investigation was commenced against Defendant but was no actioned on or about February 28, 2014. *Id.* ¶ 5. The case was accepted by the U.S. Attorney's Office for possible prosecution on or about March 25, 2014. *Id.* ¶ 6. Early on, Special Agent Jaime Morales identified in a Report of Investigation for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") that Defendant's "criminal history suggests that he is prosecutable as an armed career criminal." Mot. at 7. The ATF also established in April 2014 that Mr. Jones' firearm and ammunition were not manufactured in Florida, which confirms that the firearm had been "shipped or transported in interstate … commerce" in violation of 18 U.S.C. § 922(g)(1). *Id.* Throughout April and May 2014, additional evidence relating to Defendants' prior convictions were obtained, bolstering the suggestion to prosecute Defendant as a career criminal. *Id.* at 7-8.

However, during that same time, the U.S. Attorney's Office's investigations into potential witnesses to the incident at the restaurant were proving fruitless. *See* Opp. ¶ 6. Additionally, in or about May 2014, the government prepared an application for a federal search warrant to obtain DNA from Defendant, in order to compare Defendant's DNA with the DNA evidence recovered from the firearm, but the application was never presented to a magistrate judge because Defendant could not be located. *Id.* ¶ 7, *amended by* D.E. 24. As time passed, the case, plainly put, slipped through the cracks. *See* Mot. at 8; Opp. ¶ 8.

In or about October 2017, the case was reassigned to a different Assistant U.S. Attorney. Opp. ¶ 8. In the months that followed, additional investigation was conducted and additional

evidence was obtained. *Id.* Consequently, in January 2018, the U.S. Attorney's Office—now satisfied that it had sufficient evidence to prove its case beyond a reasonable doubt—presented its Indictment (D.E. 3) to the Grand Jury. *See id.*

On July 20, 2018, Defendant filed the instant Motion to Dismiss for Pre-Indictment Delay, in which he argues that the almost four-year delay between the offense and the filing of the indictment constitutes a violation of the constitutional Due Process Clause as well as Federal Rule of Criminal Procedure 48(b). *See* Mot. at 3-10. In particular, Defendant notes that "it is unclear why the Government waited until 2017" to develop the additional evidence that "would have been readily available in 2014 when the investigation opened." Mot. at 8. As a result of this delay, Defendant claims, he was prejudiced in his ability to prepare a defense. *Id.* at 4-5. Defendant further claims that no possible explanation for the delay can be found except that the delay was a "purposeful means for the government to gain a tactical advantage." Mot. at 6; *see also id.* at 6-9. Finally, Defendant argues that the Court should dismiss the indictment under Federal Rule of Civil Procedure 48(b) ("Rule 48(b)"), which authorizes the Court to dismiss in the event of unnecessary delay in presenting a charge to a grand jury. *Id.* at 9-10.

The Motion was referred to Magistrate Judge John J. O'Sullivan, who, on August 30, 2018, issued a Report and Recommendation (D.E. 22) (the "Report") recommending that the Motion be denied. The parties were given fourteen days to file objections to the Report. Defendant timely filed objections (D.E. 23) (the "Objections"). The Government did not file objections to the Report but, on September 10, 2018, filed a Response to Defendant's Objections (D.E. 25) (the "Response"). *See LoConte v. Dugger*, 847 F.2d 145 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988) (holding that failure to file timely objections bars the parties from attacking factual findings on appeal).

Upon *de novo* review of the Report, the Court agrees with Magistrate Judge O'Sullivan's recommendation and concurs in all of his findings.

In his Objections, the Defendant first argues that the Magistrate Judge erred in finding that "the defendant's speculation about being unable to locate unnamed witnesses is insufficient to meet his burden" to prove a Due Process violation arising from the pre-indictment delay. Objs. at 1-2. The Government responds that the Defendant's assertions that there "may have been potential witnesses," without identifying who those witnesses might be or why those witnesses may have aided his defense, are mere allegations of "generalized prejudice" which cannot support a Due Process claim. Resp. at 1-2 (citing *United States v. McGough*, 510 F.2d 598, 604 (5th Cir. 1975)). The Court agrees with the Government.

As Magistrate Judge O'Sullivan correctly noted, the Eleventh Circuit has rejected generalized claims of "loss of witnesses" and "failure of memories" as insufficient to prove "actual prejudice" as required to establish a Due Process violation. Report at 4-5 (citing *United States v. Radue*, 707 F.2d 493, 495 (11th Cir. 1983)). In *McGough*, the U.S. Court of Appeals for the Fifth Circuit[1] reversed a finding of actual prejudice based on a claim that six potential witnesses had died and the remaining witnesses would have poor or dim memories. 510 F.2d at 604-05. Similarly, in *Radue*, the U.S. Court of Appeals for the Eleventh Circuit affirmed a finding of no actual prejudice based on a witness's inability to attend trial, where the defendant "ma[de] no proffer as to what purpose the [witness's] testimony would have served, [nor] whether such testimony would have substantially contributed to [the defendant's] defense." 707 F.2d at 495-96. Likewise, here, the claim that potential witnesses could not be located or have moved, without more, does not constitute actual prejudice.

---

[1] **Error! Main Document Only.**The Eleventh Circuit has adopted as precedent the decisions of the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

Defendant next argues that the pre-indictment delay "can only be attributed to a purposeful act to gain a tactical advantage" over him, thereby satisfying the second prong of the Due Process test. Objs. at 2-3. The Government points out that Defendant "has not shown, nor has he produced any evidence tending to show, that the pre-indictment delay was a deliberate tactical maneuver." Resp. at 2-3. The Court again agrees with the Government.

As Magistrate Judge O'Sullivan correctly noted, "it is not the government's burden to justify the delay; rather, it is the defendant who [must] make the showing that the government intentionally caused the delay to gain a tactical advantage." Report at 6 (alteration in original) (quoting *United States v. Spurlin*, No. 113CR304TWTJKL4, 2018 WL 1702351, at *4 (N.D. Ga. Feb. 27, 2018)). "The government's inaction in bringing [a] case is insufficient, standing alone, to establish that the government's actions were motivated by an attempt to gain a tactical advantage." Report at 7 (alteration in original) (quoting *United States v. Butler*, 792 F.2d 1528, 1534 (11th Cir. 1986)). The facts at best suggest that the Government's inaction between spring of 2014 and October 2017 was due to a lack of attention, rather than to obtain a tactical advantage, and that the failure to indict in spring of 2014 was due to the Government's reasonable determination that "additional evidence was required to carry its burden of proof beyond a reasonable doubt at trial."[2] *See* Resp. at 3-5 & cases cited therein. Defendant therefore has not carried his burden to satisfy either prong of the Due Process analysis.

---

[2] Assuming *arguendo* that the Government had sufficient evidence in May 2014 to prove that the subject firearm traveled through interstate commerce and that Defendant qualified as an armed career criminal for sentencing purposes, *see* Mot. at 7-11, the Defendant has not established that the Government had satisfactory evidence to establish guilt beyond a reasonable doubt as to each element of the offense charged in the Indictment. *Cf. United States v. Thomas*, 62 F.3d 1332, 1339 (11th Cir. 1995) ("The prosecutor in this case has explained that the delay was caused by lack of satisfactory evidence, and the [defendants] have provided no plausible reason for us to doubt her word.").

Finally, Defendant's Rule 48(b) Objections simply reiterate the arguments made in his Motion and are adequately addressed by the Report.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Report, D.E. 22, is RATIFIED, ADOPTED, and AFFIRMED. It is further

ORDERED AND ADJUDGED that the Motion, D.E. 14, is DENIED. It is further

ORDERED AND ADJUDGED that the Objections, D.E. 23, are OVERRULED.

DONE AND ORDERED in Chambers at Miami, Florida, this 11th day of September, 2018.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of record via cm/ecf